## Case No. 9,463.

### In re MERRICK.

### [7 N. B. R. (1873) 459.] 1

### District Court, E. D. Michigan.

BANKRUPTCY—PROOF OF DEBTS—REGISTER—COM-MISSIONER—DISCRETION TO REFUSE—RECEIPT AND FILING.

1. As the law now stands, proof of debts in bankruptcy may be taken by a register or by a commissioner in all cases, whether of a resident or non-resident creditor, or whether such commissioner holds his office in the same town with the register or not. The only limitation being that it shall be taken before a register or commissioner of the same judicial district in which the creditor resides or in which the proceedings are pending.

2. The court has no discretion to refuse to receive and file a proof of debt which appears on its face to have been taken by a proper officer and to be correct in form and in substance.

3. The receipt and filing of proof of debt alone confers jurisdiction over the claim on the court, and then only does its revising power over such proof, mentioned in the act of 1868 [15 Stat. 228], commence. The receiving and filing of a proof of debt concludes nothing, and the power still remains in the court to revise and correct, or reject such proof altogether.

[In the matter of W. B. Merrick, a bankrupt.]

By Hovey K. Clarke, Register:

I, the above named register, hereby certify that in the course of proceedings before me in the above bankruptcy, on the 12th day of November instant, Mr. O. Kirchner presented to me to be filed as proof of debt against the above bankrupt's estate, an affidavit drawn up by himself, and sworn to on the same day before Ervin Parmer, "United States commissioner, Eastern district of Michigan." Observing the date of the jurat, I inquired where the claimant then was, to which Mr. Kirchner replied that he did not know. I then inquired why he had not been produced before me to prove his claim, remarking that the paper offered appeared to be an "affidavit" and not a deposition. To this no reply was given, except to concede that it was an affidavit, drawn by Mr. Kirchner, and that he had a right to insist on its being filed. I declined to take it and he withdrew. On the 14th of November Mr. Kirchner again appeared and "tendered" the paper to be filed,

1 [Reprinted by permission.]

the theory of a "tender" seeming to be, that in this case the paper offered so fully satisfied the law in every particular that the register had no discretion whatever; that his duty had become clerical only, namely, to file the paper and thus admit the claim of Edmund Cole as satisfactorily proved. I am unable to concur in this view of the powers and duties of registers in taking proof of debts. I have not been furnished with a statement of the principle of law by which this view of my duty is supposed to be supported, unless a reference to Shephard's Case [Case No. 12,-753], may be regarded as conveying by inference such statement. I do not see anything in the case to which I am referred, that has any bearing on the question before me, except that United States circuit court commissioners are authorized to take depositions to prove debts in bankruptcy within the district where the case is pending. This was a disputed point before the amendment to the bankrupt act of July 27, 1868, Hall, J., in Shephard's Case [supra], holding that the commissioners had such power; and Busteed, J., in Re Haley [Case No. 5,918], holding that they had not. But the act of 1868 gives this power with sufficient clearness, so that I do not see how any question can be raised upon it. I have always hitherto been able when certifying for the determination by the district judge questions which arise on my own powers and duties, to state with some definiteness the point to be decided. If in this certificate I shall not be able to state the case as it is regarded by Mr. Kirchner, who demands the filing of the proof of debt in this case, my inability is not the result of any indifference on my part to the duty I am called to perform. Each of my interviews with him was ended so abruptly, that no proper opportunity was afforded me to state my views of his demand. The last interview was closed by his positive assertion that there was no question in the case. Under these circumstances I am obliged to discuss every question which seems to me pertinent, or may be so regarded by the district judge, in the determination of the propriety of the demand that the paper shall be filed as proof of debt due to Edmund Cole.

I. The duties of a register to whom a cause in bankruptcy is referred, in taking and filing proof of debt, are not only judicial and clerical, but they are also supervisory. The first meeting of creditors for the proof of debts and the choice of an assignee is called a "court of bankruptcy" (section 11), which the register is to hold and in which he is to preside (sec. 4). It cannot be doubted, I think, that the powers given to "the court" by the act as to the proof of debts are by the general order of reference (from No. 4) conferred upon the register, subject, of course, to the transfer to the district judge for determination of any issue of law or fact which may arise in the proof of debts. What general powers could be committed to him by the

order of reference if these are not? The provision of section twenty-two, that the deposition must be satisfactory to the officer taking it, and, as if to provide for the case of a proof taken before a commissioner, the provisions which authorize the requiring of "further pertinent evidence either for or against the admission of claims," and the provisions of section twenty-three, authorizing the postponement of a proof of claim, where "doubts are entertained concerning its validity,"—the exercise of which power must be conceded to the register, for proofs of debts in the first instance can be presented nowhere else but to him—and the act of 1868, under which commissioners within the district of the register in charge of the case derive their power to take deposition in bankruptcy, and which expressly subjects all such proofs to the revision of the register, all seem to me to be irreconcilable with the proposition that the register's powers over a proof of debt, taken before a commissioner, in a cause referred to him, is confined to the merely clerical function of filing it. I regard his powers, and consequently his duties, as of a much more responsible character than this; and they are of a character which every real creditor has an interest in their faithful and intelligent performance. If the register's duties were judicial only he might rest his action upon the theory, that as every creditor is a party to every proffered claim, any other creditor adverse to the claimant may appear and raise any question touching the validity of the claim, and so long as no question was presented to him by a party he was not called to the exercise of any duty concerning such proffered claim; but this would be practically impossible, and hence the importance to every creditor of the supervisory power expressly vested with registers by the act of 1868. Every creditor is interested in the maintenance of this power in its fullest efficiency in the hands of the register, and it ought not be in the power of any creditor, or party claiming to be such, to evade or defy it. If I have in this statement correctly apprehended the powers of the register in taking proof of debts, I think he has a right to be informed, and that it is his duty to know why a creditor claiming to have a debt against a bankrupt's estate, instead of attending before the register, specially charged with the powers of the court in taking proofs, and submitting to the examination which the act contemplates, goes before a commissioner of his own selection, having his office in the same building with the register, and thus without any apparent reason evades the scrutiny which the register might exercise; and if the claimant refuse to answer, I think it my duty to decline to take the proof until some reason is given for what appears to be an evasion of the order of reference. I do not think that the power to take depositions in bankruptcy was conferred upon commissioners for any such purpose. It was designed for the relief of creditors who are at inconvenient distances from the register—a privilege which it would be well if it were possible to extend. The passage of the act of 1868 had a very beneficial effect in this respect; but I cannot think it was the purpose of the act to allow this convenience to be converted into a means of transferring some of the most important duties of the register to commissioners having their offices in the same place, and, stripping the register of all his supervisory powers, leave to him the merely clerical duty of filing proofs taken before commissioners.

II. Proofs of debts are to be established as provided by section twenty-two of the act, by depositions, not affidavits, taken before a register or commissioner. The provisions of the act on this subject are peculiar. Among them is this: "That no claim shall be allowed unless all the statements set forth in such deposition shall appear to be true." Appear to whom? Of course to the officer taking it. That it must be "satisfactory" to him the act very plainly requires. I do not see how it can be supposed that an affidavit drawn by the attorney of the affiant, and merely sworn to before the officer authorized to take a deposition, is a compliance with this provision of the act. The distinction between a deposition and an affidavit ought to be well understood, for notwithstanding the words are sometimes inaccurately used, and an "affiant" is often called a "deponent," (see Burrill, Law Dict. p. 366, "Depositions,") yet, strictly, in a deposition the statements are reduced to writing by the officer taking it, or by a disinterested person under his direction, and thus he becomes officially cognizant of what the deposition contains, as he certainly ought to be, if it is required that it shall be satisfactory to him. On the contrary, an affidavit is an ex parte statement drawn by the attorney of the party interested in it, of the contents of which the officer who administers the oath is not expected to have any knowledge, and in a very large proportion of cases he has no knowledge of such contents whatever. To infer from the jurat to an affidavit that the officer administering the oath had examined the affidavit, or had made himself in any way acquainted with its contents, or knew even that the affiant was acquainted with and understood its contents, would be contradicting an experience nearly universal. In the few cases, in all, however, not amounting to half a dozen, where this practice has been attempted before, of presenting as proofs of debts affidavits drawn by attorneys and sworn to before commissioners, which, having declined to receive, when the claimants subsequently appeared before me to prove their claims, I have found in almost every instance that the proof had not been read to the claimant by the commissioner and that in some instances only what the attorneys supposed to be the substance of it had been stated to the affiant before he swore to it. I am

persuaded that the framers of the bankrupt act never intended that the very important matter of proving debts in bankruptcy should be committed to such loose methods of procedure; and I am very sure that the interests of all creditors demand that facilities for the examination of creditors when proving their claims should rather be rendered more effective than that a practice should be tolerated which will reduce proofs of debts in bankruptcy to a mere formality. I regard it as worthy of careful attention by the court and its officers to prevent any such result. All creditors have an interest in such a construction of the act, and in the establishment of such a practice under it as shall afford the fullest opportunity for the scrutiny of all claims which are offered for proof; and under the law as it stands, this can be done nowhere so conveniently and effectively as by the register to whom the cause is referred. These views as to the nature and examination in proofs of debts which the bankrupt act contemplates, I think, are fully supported by several reported cases to which I refer. In re Haley [Case No. 5,918]; In re Strauss [Id. 13,532]; In re Elder [Id. 4,326].

III. In considering the question as one of practice, which it is desirable should be such as will enable creditors to secure all the rights to which they are entitled, with the least inconvenience and expense to them, it may be remarked that a practice which will add to the fees which must be paid to the officer who takes a deposition, an attorney fee for drawing it, does not deserve encouragement; for even if, in such a case as this, the oath is administered by the commissioner, without charge, it is scarcely possible that any attorney would rate his services so low as to be satisfied with the fee which the law allows to its officers for the whole service of taking and filing a deposition to prove a debt. Beside, it is the policy of the law that all the expenses of realizing and distributing a bankrupt's assets, including the fees for proving claims, shall be a charge upon the fund, and are entitled to priority of payment before any dividend. To call in professional assistance, in any but a few peculiar cases, to aid in proving claims in bankruptcy is wholly unnecessary. So the profession generally understand it; and if there be any who do not, the public should know it, that they may not be subjected to any useless expense to secure their due proportion of the bankrupt's assets. All which, together with the proof of debt offered, is respectfully submitted.

LONGYEAR, District Judge. By section 22 of the bankrupt act it was provided, "that all proofs of debts against the estate of the bankrupt, by or on behalf of creditors residing within the judicial district where the proceedings in bankruptcy are pending, shall be made before one of the registers of the court in said district, and by or on behalf of non-resident creditors, before any register in bankruptcy in the judicial district where such creditors, or either of them reside, or before any commissioner of the circuit court authorized to administer oaths in any district." A difference of construction by the courts having arisen as to the power of a commissioner, under that provision, to take proof of debts, where the creditor resided within the district where proceedings were pending, congress by section three of the act of July 27, 1868 (15 Stat. 228) enacted that "such commissioners may take proof of debts in bankruptcy in all cases, subject to the revision of such proofs by the court according to the provisions of said act." So that as the law now stands proof of debts in bankruptcy may be taken by a register or by a commissioner in all cases, whether of a resident or non-resident creditor, or whether such commissioner holds his office in the same town or in the same building in which a register holds his office, the only limitation being that it shall be taken before a register or commissioner of the same judicial district in which the creditor resides, or in which the proceedings are pending. The law never did require, neither does it seem to have been contemplated, that such proofs should be taken before the register to whom the bankruptcy has been referred; to the exclusion of all others.

In this state of the law, I cannot see that the court has any discretion to refuse to receive and file a proof of debt which appears on its face to have been taken by a proper officer, and to be correct in form and in substance. By the receipt and filing of proof of debt, and by it alone, the court obtains jurisdiction of the claim and of the creditor presenting it; and then, and then only, does the revisory power of the court over such proof mentioned in the act of 1868 commence. The receiving and filing of proof of debt concludes nothing. True, unless otherwise ordered, it entitles the creditor to be placed on the list of creditors, vote for assignee, and receive dividends. But the court may otherwise order; and, under its revisory powers, may postpone the same, as provided in section twenty-three; and, as provided in section twenty-two, summon the creditor and other persons before it, and examine them in regard to the claim itself, and may reject the claim altogether, or in part only; and do all other things in regard to it which the act authorizes to be done. In this case the creditor is a resident of this district, and the commissioner before whom the proof was taken is a commissioner of this district. It appears, therefore, that the proof was taken before a proper officer. The proof is also strictly correct in form and in substance. It is objected, however, by the register, that it is an affidavit merely, and not a deposition. I cannot see the force of this objection, the proof being, as it is, in the exact form prescribed (form No. 4). It is also objected that it appears to have been written by the creditor's attorney, and not by the commissioner. The rules and regulations

for taking depositions of witnesses to be used as evidence in the courts usually require that the depositions shall be written by the officer taking it, by some disinterested person in his presence, or by the witness. There is, however, no such requirement in this case. Neither is it of so much importance, in view of the fact that what the creditor must swear to is clearly and explicitly pointed out in the act, section twenty-two, and the exact form in which he shall do it is prescribed (form No. 4). It is a practice, however, not to be commended. It is far preferable, and more in accordance with the spirit of the act, that the officer, with the act and the form before him, should examine the creditor on oath touching the matters specified, and himself reduce the deposition to writing or fill up the printed blank, if such is used. But I am not prepared to decide that unless this is done the proof should be rejected, especially where no attendant or resulting objectionable circumstances or facts are made to appear. If a creditor sees fit to go to the unnecessary expense of employing an attorney to draw up his proof of claim, in an ordinary case, instead of having the officer to do it whose duty it is, I do not know that the court ought to complain; but the court will see to it that the estate is not damaged by an allowance for any such unnecessary service.

The argument of the learned register against recognizing the power of commissioners doing business in the same town, or, as in this case, in the same building as the register in charge, is of much force. But, in my view of the matter, it goes rather to the policy and justness of the law than to the validity, or to the power and duty of the court to set it at naught by construction. It is, no doubt, the wiser policy for creditors, in all cases where they can do so conveniently, to make their proof before the register in charge, because he is thereby afforded an opportunity of putting such questions to them, and making such explanations to them as to their rights and liabilities as he may see fit, and the creditor may then be saved the trouble of being afterward summoned before the court to submit to an examination in regard to his claim. But all the court can do is to commend that course to creditors as the wiser policy.

It follows, from what has been said, that the proof of debt of Edmund Cole must be received and filed.